PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
JUSTIN GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY OCHOA,<br>Defendant. | CASE NO. 1:24-CR-00055-JLT-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

**STIPULATION**

1.  On April 18, 2024, defendant was arrested in the Central District of California based on an arrest warrant issued by the United States District Court for the Eastern District of California. On April 19, 2024, after a detention hearing, the defendant was released on a $10,000 appearance bond and ordered to participate in the Salvation Army residential substance abuse treatment program.

2.  On April 29, 2024, this Court was scheduled to arraign the defendant on the indictment. However, the defendant was in custody in the Central District of California awaiting admission into the Salvation Army residential substance abuse treatment program. As a result, the arraignment was continued to June 10, 2024.

3.  The defendant has since been admitted into the residential program and is currently in the blackout phase. Were he to be released to attend the June 10, 2024 arraignment, the defendant would be

1

required to restart the substance abuse treatment program.

4. By this stipulation, defendant now moves to continue the arraignment and plea on indictment from June 10, 2024, until July 10, 2024.

5. The parties further stipulate to set a status conference on August 21, 2024, and to exclude time between April 29, 2024, and August 21, 2024, under 18 U.S.C.§ 3161(h)(1)(E), (h)(3)(A), (h)(7)(A), B(i), B(ii), and B(iv).

6. The parties agree and stipulate, and request that the Court find the following:

    a) The discovery associated with this case is voluminous and includes tens of thousands of pages, including investigative reports, photographs and videos, as well as hundreds of hours of recorded telephone conversations pursuant to wiretap orders, cellular phone extractions, and large amounts of cellular telephone precise location data and vehicle tracker data. All this discovery has been either produced directly to counsel, and/or made available for inspection and copying.

    b) The government continues to collect and process additional supplemental discovery in this case and plans to produce that discovery between today's date and the August status conference date.

    c) Counsel for defendant desires additional time to consult with his client, conduct investigation, review the voluminous discovery, prepare for a possible trial, and explore a potential resolution of the case.

    d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e) The government does not object to the continuance.

    f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 29, 2024 to August 21, 2024,

inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), B(ii), and B(iv) because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. This stipulation also results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 29, 2024  
PHILLIP A. TALBERT  
United States Attorney

/s/ ANTONIO J. PATACA  
ANTONIO J. PATACA  
Assistant United States Attorney

Dated:  May 29, 2024  
/s/ KEVIN ROONEY  
KEVIN ROONEY  
Counsel for Defendant  
ANTHONY OCHOA

**ORDER**

IT IS SO ORDERED.

Dated:  **May 29, 2024**   /s/ Erica P. Grosjean  
UNITED STATES MAGISTRATE JUDGE

3